UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN RICHARDSON,

    Plaintiff,                                 CIVIL ACTION NO. 06-14947

   v.                                        DISTRICT JUDGE SEAN F. COX
                                         MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: The parties' respective Motions for Summary Judgment should be DENIED, and the case REMANDED to the Commissioner for further proceedings, to include vocational expert testimony, in order determine whether alternative jobs existed in the national economy that claimant can perform, given her severe exertional and non-exertional limitations.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on April 13, 2004, alleging that she had been disabled and unable to work since August 2002, due to bilateral carpal tunnel syndrome and right leg pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested de novo hearing was held on October 25, 2002, before Administrative Law Judge (ALJ) John Flanagan. The ALJ found that the claimant was not entitled to disability benefits because she did not suffer from any severe

impairments which significantly limited her ability to perform basic work-related activities[1]. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 53 years old at the time of the administrative hearing, She had an eighth grade education, and had been employed as a sales clerk in a bakery, a customer service representative and an automobile parts packager (TR 251, 253-254).

As a retail sales clerk, Plaintiff stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 69).

The claimant testified that she stopped working in August 2002, due to swelling in her right leg and ankle as well as numbness in both hands (TR 260-263). The hand pain

---

[1] 20 C.F.R. § 404.1521, 416.921 (2006) states:

What we mean by an impairment(s) that is not severe.
  (a)   Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
  (b)   Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
   (1)      Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
   (2)      Capacities for seeing, hearing, and speaking;
   (3)      Understanding, carrying out, and remembering simple instructions;
   (4)      Use of judgment;
   (5)      Responding appropriately to supervision, co-workers and usual work situations; and
   (6)      Dealing with changes in a routine work setting.

**2**

and leg swelling intensified whenever she was required to remain on her feet or handle objects for prolonged periods (TR 257). Other impairments which allegedly prevented claimant from returning to work included obesity, hypertension, knee pain and mental depression (TR 260, 266, 274, 277-278). Plaintiff allegedly needed to recline with her leg elevated (TR 261), and she required a cane when walking because her right knee often gave out unexpectedly (TR 266). The claimant added that she was very limited in her ability to carry out normal daily activities (TR 282-285). There was no vocational expert testimony.

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff had been impaired during the relevant period as a result of excessive weight gain and

a history of depression, but that these impairments were not severe enough to significantly limit her ability to perform basic work-related activities. As a result, the ALJ terminated the sequential evaluation process at step two and declared that claimant was not disabled because she did not suffer from any severe impairments.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if (1) there is an adequate record, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual issues, Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994); and (3) the record "compels" the conclusion that a plaintiff has established legal entitlements to benefits.  INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)(emphasis in original).  If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g)[2] for additional fact finding.

---

[2]Sentence four of 42 U.S.C. 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

**4**

DISCUSSION AND ANALYSIS

The Commissioner employs a five step sequential evaluation process to determine disability.  If the Commissioner finds claimant to be disabled or not disabled at any point in the review, no further determination is required. 20 C.F.R. § 404.1520(a) (2003).  Under this analysis, the Commissioner must determine whether a claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment or combination of impairments, (3) meets or equals an impairment listed in the appropriate appendix, (4) is prevented by her impairment or combination of impairments from engaging in her relevant past employment, or (5) has the ability to engage in other gainful activity considering her age, education, past relevant experience, and residual functional capacity.

In the instant case, the Law Judge terminated the sequential evaluation process at step two when he found that Plaintiff did not suffer from a severe impairment, one that significantly limited her ability to perform basic work activities.  20 C.F.R. §404.1520(C), 416.921 (2006).  The step two severity regulation has been construed as a de minimis hurdle in the disability determination process.  <u>Salmi v. Secretary</u>, 774 F.2d 685, 690-92 (6th Cir. 1985).  Under that view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.  <u>Farris v. Secretary</u>, 773 F.2d 85, 90 (6th Cir. 1985).  Thus, generally, a disability claim should not be dismissed without consideration of the claimant's individual vocational situation.  <u>Higgs v. Bowen</u>, 880 F.2d 860, 862-863 (6th Cir. 1988). Nevertheless, Congress has approved the threshold dismissal of claims obviously lacking medical merit, because in such cases the medical evidence demonstrates no reason to consider age, education, and experience.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 148 (1987). As

the Sixth Circuit has recognized, the severity requirement may still be employed as an administrative convenience to screen out claims that are "totally groundless" solely from a medical standpoint.  Farris, 773 F.2d at 90 n. 1.

I am persuaded that substantial evidence does not exist on the record supporting the Commissioner's determination that Plaintiff's impairments are not severe, given the objective clinical findings found in the record.  Plaintiff's left hand pain and numbness had grown so severe by March 2004, that she underwent left carpal tunnel release surgery to relieve the soreness (TR 127-128).  Following the operation, the claimant continued to complain of bilateral hand and wrist pain.  She requested that the same surgery be performed on her right wrist (TR 136).

Progress notes covering the period between August 2004 and November 2005 (TR 149-160) reveal that Plaintiff was treated for a number of ailments. The claimant was treated for swollen ankles, knee pain with crepitis, numbness in her right hand and unexpected weight gain (TR 149, 157). She was diagnosed with bilateral carpal tunnel syndrome, obesity, hypertension and gastrointestinal reflux disease (TR 155-156). Plaintiff was also referred to a psychiatrist after she exhibited feelings of paranoia and depression (TR 152-153).  A psychiatric evaluation in September 2005, confirmed that Plaintiff suffered from a depressive disorder (TR 170). The examining psychiatrist rated claimant's Global Assessment of Functioning (GAF) score at 49, indicating serious symptoms and impairment in social and occupational functioning (TR 171).

Plaintiff's treating physician, Dr. Duong, found her incapable of performing basic work activities. In a residual functional capacity evaluation dated November 5, 2005, the treating doctor found that the claimant was not able to perform any climbing, kneeling,

crouching crawling or stooping. She was also found to be limited in her ability to use her hands to manipulate, reach and handle objects (TR 178).

It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). Dr. Duong's assessment of claimant's residual capacity, along with the medical evidence documenting intensive treatment of her carpal tunnel syndrome and other ailments during the relevant period, provided ample proof that Plaintiff does indeed suffer from severe exertional and non-exertional impairments. Consequently, substantial evidence does not exist on the record supporting the Commissioner's decision that Plaintiff did not suffer from any severe impairments which significantly limited her ability to perform basic work-related activities.

The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner. 42 U.S.C. § 405(g) (1982). This statute authorizes the Court to remand the case for additional administrative action where, as here, there is a reasonable probability that the Commissioner might reach a different disposition of the disability claim. See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980). Because claimant suffers from severe impairments which prevent her from performing basic work activities, ALJ was required to continue the five step sequential evaluation process to determine the extent of her disability. The record is not adequate to compel the conclusion that Plaintiff has established her entitlement to benefits. Therefore, I am persuaded that the instant case should be remanded to the Commissioner for further proceedings, to include vocational

expert testimony, as to whether alternative jobs accommodating Plaintiff's limitations existed in the national economy since August 2002[3].

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                            s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: March 30, 2007

---

[3] The remand will also allow the ALJ to consider additional medical records, which Plaintiff alleges were timely submitted but were not included in the record (See Exhibit 1 attached to Plaintiff's Motion for Summary Judgment).

_____

## CERTIFICATE OF SERVICE

      I hereby certify on March 30, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 30, 2007. **None.**

                                              s/Michael E. Lang  
                                              Deputy Clerk to  
                                              Magistrate Judge Donald A. Scheer  
                                              (313) 234-5217