UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN RICHARDSON,

    Plaintiff,                               CIVIL ACTION NO. 06-14947

                                           DISTRICT JUDGE SEAN F. COX

                                           MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (EAJA) should be DENIED, because the position of the Commissioner was substantially justified.

\*    \*    \*

REPORT:

    A.    Procedural History

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on April 13, 2004, alleging that she had been disabled and unable to work since August 2002, due to bilateral carpal tunnel syndrome and right leg pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested de novo hearing was held on October 25, 2002, before Administrative Law Judge (ALJ) John Flanagan. The ALJ found that the claimant was not entitled to disability benefits because she did not suffer from any severe impairments which significantly limited her ability to perform basic work-related activities.

The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.

Pursuant to an Order of Reference, I submitted a Report and Recommendation, on March 30, 2007, finding that substantial evidence did not exist on the record supporting the Commissioner's decision that Plaintiff did not suffer from any severe impairments. Treatment notes found in the medical records demonstrated that Plaintiff had been diagnosed with bilateral carpal tunnel syndrome, obesity, hypertension and gastrointestinal reflux disease that significantly limited her ability to perform basic work-related activities. I recommended that the instant case be remanded to the Commissioner for further proceedings, to include vocational expert testimony, as to whether alternative jobs accommodating Plaintiff's limitations existed in the national economy. The remand also allowed the ALJ to consider additional medical records, which Plaintiff alleged were timely submitted but were not included in the record.

The Court adopted the Report and Recommendation on May 8, 2007, and ordered the case remanded to the Commissioner for further proceedings. On May 15, 2007, Plaintiff filed an Application for Attorney Fees under the Equal Access to Justice Act (EAJA). The defendant filed her response to the petition on May 30, 2007. The fee application was referred to the undersigned magistrate judge, on May 31, 2007, for a report and recommendation. Plaintiff filed a timely reply to the Commissioner's brief on June 4, 2007.

B. <u>Analysis</u>

The EAJA provides that the Court shall award attorney fees and expenses to a prevailing party (other than the United States) in any civil action brought against the

2

United States, unless the position of the government was substantially justified. 28 U.S.C. §2412(d)(1)(A). The Act also provides that the attorney fees awarded shall not be at a rate more than $125.00 per hour, unless the Court determines that an increase in the cost of living, or some other special factor, justifies a higher fee. 28 U.S.C. §2412(1)(D)(2)(A).

Plaintiff seeks attorney fees at the rate of $162.50 per hour plus reimbursement of the filing fee. The attorney submitted a detailed breakdown of her work on behalf of Plaintiff showing that she had worked a total of 41.3 hours preparing her disability case between October 24, 2006, and May 14, 2007. The Commissioner of Social Security maintains that his opposition to plaintiff's claim for judicial review of the denial of benefits was substantially justified, and that the request for attorney fees should be denied in its entirety.

In remanding Plaintiff's case to the Commissioner for further administrative proceedings, the Court implicitly held that the agency decision to deny benefits was not supported by substantial evidence. The Defendant correctly observes, however, that the Commissioner's position may be found to have been substantially justified even though substantial evidence did not support the decision. Jankovich v. Bowen, 868 F.2d 867, 869-70 (6th Cir. 1989). Whether the Commissioner's position was substantially justified within the meaning of the EAJA is basically a question of reasonableness. Pierce v. Underwood, 108 S.Ct. 2541, 2550 (1998). In this case, the Commissioner asserts that his position was substantially justified because it was reasonable for the ALJ to conclude that the claimant's impairments "did not impose significant functional limitations for 12 continuous months."

I am persuaded that the Commissioner was substantially justified in deciding this case and defending it in litigation. Typically, how much evidence to gather is a judgment

on which courts defer to the SSA. Kendrick v. Shalala, 998 F.2d 455, 458 (7th Cir.1993) (how much evidence to gather is a subject on which we generally respect the Secretary's reasoned judgment). In this case, the ALJ probed into all of the relevant facts. He extensively queried Plaintiff as to her pain, medication, and activities and examined claimant's medical records dating from the alleged onset date of her disability.

The Law Judge terminated the sequential evaluation process at step two when he found that Plaintiff did not suffer from a severe impairment, one that significantly limited her ability to perform basic work activities. 20 C.F.R. §404.1520(C), 416.921 (2007). The step two severity regulation, however, has been construed as a de minimis hurdle in the disability determination process. Salmi v. Secretary, 774 F.2d 685, 690-92 (6th Cir. 1985). Under that view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience. Farris v. Secretary, 773 F.2d 85, 90 (6th Cir. 1985).

While the Court determined that the claimant's impairments were more than "slight abnormalities", the medical record did lack clinical findings documenting the degree of severity of both her carpal tunnel syndrome and mental depression. For instance, the record did not indicate whether Plaintiff complained or sought treatment for ongoing problems with her left hand and wrist after her surgery in March 2004. Moreover, no doctor described the extent of any numbness, weakness or reduced motion affecting Plaintiff's right wrist and hand. The medical record also failed to disclose whether the claimant had sought treatment for emotional difficulties at the time she underwent left wrist surgery.

The Law Judge reviewed considerable evidence, including statements from Plaintiff, upon which to assess her credibility and render a decision in this case. Although the

4

Commissioner's policy statement concerning the evaluation of pain places a heavy burden on a Law Judge to thoroughly investigate all evidence relating to pain, SSR 88-13, the ALJ here carefully considered the objective medical evidence, treatment sources and activities of daily living when evaluating the claimant's subjective allegations. Following her left wrist surgery, Plaintiff denied experiencing any pain, and doctors noted that she enjoyed full and intact grip strength, motion and dexterity (TR 141-145).

Defendant was not lacking substantial justification in deciding this case against Plaintiff on the record before the agency. The government's position respecting Ms. Richardson's claim, although rejected by this Court, had a "reasonable basis in law and fact," and it therefore was "substantially justified" within the meaning of the Equal Access to Justice Act. For all the above reasons, I recommend that Plaintiff's Attorney Fee Request Under the EAJA be denied.

NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                    s/Donald A. Scheer
                                                    DONALD A. SCHEER
                                                    UNITED STATES MAGISTRATE JUDGE

DATED: June 13, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on June 13, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 13, 2007. **None.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    Magistrate Judge Donald A. Scheer
                                                    (313) 234-5217